

_G. A. Massucco-LaTaif_
_Assistant United States Attorney_
_george.massucco@usdoj.gov_

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Suite 400:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

3:51 pm, September 11 2...

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _Direct: 410-209-4810_ Deputy
     _Main: 410-209-4800_

August 18, 2025

Marc Lowry, Esquire
Rothstein Donatelli LLP
500 4th Street NW, Suite 400
Albuquerque, NM 87102

Michele M Nethercott, Esquire
5028 Yellowwood Avenue
Baltimore, MD 21209

   Re: *United States v. James Tafoya,*
     Criminal No. 23-cr-0257-JRR

Dear Ms. Nethercott and Mr. Lowry:

  This letter, together with the Sealed Supplement, constitutes the plea agreement (this "Agreement") that has been offered to your client, James Tafoya, (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by **August 20, 2025 at 5:00 p.m.**, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

  1. The Defendant agrees to waive indictment and plead guilty to Superseding Information charging him with the Class A misdemeanor of aiding and abetting the knowingly failing to properly maintain records required to be maintained by a federal firearms licensee, in violation of 18 U.S.C. § 922(m) and 18 U.S.C. § 2. The Defendant admits that he is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the defendant Tafoya has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a. First, that co-defendant Sean Sullivan, by virtue of being a federal firearm licensee ("FFL"), was required by federal law and regulation to keep and maintain accurate records relating to his acquisition and disposition of machineguns; and

    b. that the co-defendant Sullivan failed to properly maintain his required records under federal law;

Rev. August 2018

    c.   that co-defendant Sullivan did so knowingly;[1] and

    d.   that defendant Tafoya aided and abetted co-defendant Sullivan as defined under Title 18 U.S.C., §2.[2]

<u>Penalties</u>

3.      The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 18 U.S.C. § 922(m) | N/A | 1 yr | 1 yr | $100,000 | $25 |

      a.    Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

      b.    Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

      c.    Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

      d.    Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.    Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.    Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is

---

[1] The parties further stipulate and agree that the offense occurred in the District of Maryland and that it occurred on or about the date alleged in the charging document.

[2] That the defendant Tafoya participated in the criminal venture (failing to properly maintain records required to be maintained by a federal firearms licensee) as in something that he wished to bring about; that defendant Tafoya associated himself with the criminal venture knowingly and voluntarily; and that defendant Tafoya sought by his actions to make the criminal venture succeed.

nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes the Government to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by the Government.

## Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By

Rev. August 2018

pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial, except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's pleas of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

    h. By pleading guilty, the Defendant may also be giving up certain valuable civil rights, including the right to be a Federal Firearms Licensee. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential consequences.

## Advisory Sentencing Guidelines Apply

  5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

  6. The Government and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

    a. Pursuant to USSG § 2K2.1(a)(8), the base offense level is **6**.

    b. This Office does not oppose a **2**-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Because the offense level before the application of U.S.S.G. § 3E1.1(a) is less than 16, the Government will not make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1**-level decrease. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the

date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. Accordingly, the adjusted offense level is **4**.

      c.     The government will not oppose a **2**-level downward departure adjustment if the Court determines that the Defendant meets the criteria listed in U.S.S.G. § 4C1.1. If this occurs, the resulting offense level is **2**. Otherwise, the Defendant's resulting offense level is **4**.

7.     Although the parties believe the Defendant will have zero (0) criminal history points, there is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level.

## Obligations of the Parties

8.     At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). The Defendant is not constrained as to the sentencing recommendation this Office makes. If this plea agreement is accepted and the Defendant is sentenced for this offense, this Office will move to dismiss any open counts.

9.     In consideration of this plea to a misdemeanor offense, Defendant agrees to remove himself as a responsible person on all federal firearm licenses that he holds or manages with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") within thirty (30) days of the entry of a Judgement following sentencing. Defendant further agrees that as a result of this Agreement he will be considered a willful violator of the Gun Control Act, according to 18 USC 923(d)(1)(C), and, as such, will be prohibited from ever from obtaining a federal firearm licensee and/or being a responsible person on any federal firearm license.

## Forfeiture

9.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

10.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

1. Zastava, M70AB1, 7.62mm machinegun bearing SN# B74515
2. Zastava, M70, 7.62mm machinegun bearing SN# A10800
3. Colt, M16A3, .223 caliber machinegun bearing SN# A0156342
4. DPMS, M160, .223 caliber machinegun bearing SN# M002417

Rev. August 2018

5. Romarm (Romania), SAR1, 7.62mm machinegun bearing SN# S1268602000
6. Continental Machine Tool, LAR15, .223 caliber machinegun bearing SN# CM75742
7. Tactical Manufacturing, AR70, 5.56mm machinegun bearing SN# 042279
8. FN, SCAR17, 7.62mm machinegun bearing SN# H011941
9. GSI, MPI81, 9mm machinegun bearing SN# 41638
10. Imported NFA Firearm (Springfield), Uzi, 9mm machinegun bearing SN# 8143803
11. Colt, M16A2, 9mm machinegun bearing SN# HT008693
12. Collectors Corner (Steyr), MG74, 7.62mm machinegun bearing SN# 125379
13. Zastava (Trident), M72AB1, 7.62mm machinegun bearing SN# 15058
14. Colt, M16A3, .223 caliber machinegun bearing SN# A0141619
15. Bushmaster, XM15E2S, .223 caliber machinegun bearing SN# L418424
16. Bushmaster, XM15E2S, .223 caliber machinegun bearing SN# L229989
17. CETME (Century Arms), CETME, .308 caliber machinegun bearing SN# 222459
18. CETME (Century Arms), CETME, .308 caliber machinegun bearing SN# 222460
19. IMI, Uzi, 9mm machinegun bearing SN# 114105
20. IMI, Uzi, 9mm machinegun bearing SN# 114106
21. Zastava, M84, 7.62x54Rmm machinegun bearing SN# 10839
22. Sunset Weapon Systems, M60, 7.62mm machinegun bearing SN# LE00002
23. FB Radom, VZ88, 5.45x39mm machinegun bearing SN# LZ3842
24. FN, SCAR17, 7.62mm machinegun bearing SN# H011937
25. SW Daniel, M11, 9mm machinegun bearing SN# 890006317
26. FAMAE (AD&R), SAF200-10, 9mm machinegun bearing SN# 00094
27. FAMAE (AD&R), MINISAF, 9mm machinegun bearing SN# 01561
28. CZ, CZ BREN 2, 5.56x45mm machinegun bearing SN# D089387
29. Glock, Glock 18, 9mm machinegun bearing SN# YYK020
30. Beretta, PM12S, 9mm machinegun bearing SN# F38194
31. B&T, APC9 SD, 9mm machinegun bearing SN# US2035623
32. FAMAE (AD&R), SG543-10, 5.56mm machinegun bearing SN# 06707
33. FAMAE (AD&R), SG542-1, 7.62mm machinegun bearing SN# 09508
34. FAMAE (AD&R), SG540-1, 5.56mm machinegun bearing SN# 06584
35. FAMAE (AD&R), SG542-10, 7.62mm machinegun bearing SN# 09523
36. FAMAE (AD&R), SG540-10, 5.56mm machinegun bearing SN# 06592
37. CZ, CZ Scorpion EVO 3 A1, 9mm machinegun bearing SN# B482229
38. CZ, CZ 805 BREN A2, 5.56mm machinegun bearing SN# B441552
39. CZ, CZ 805 BREN A1, 5.56mm machinegun bearing SN# B151953

40. OOW, 249, 5.56mm machinegun bearing SN# 251061
41. OOW, OOW240, 7.62mm machinegun bearing SN# 707938
42. H&K, MP5 SD, 9mm silencer bearing SN# 001146
43. H&K, MP5 SD, 9mm silencer bearing SN# 001060
44. DSA, SA58LSW, .308 caliber machinegun bearing SN# DSA20787
45. CZ, VZ58, 7.62mm machinegun bearing SN# T63659
46. Fabrica Militar (Trident), G3, 7.62mm machinegun bearing SN# 397205
47. Bushmaster, XM15E2S, .223 caliber machinegun bearing SN# L147341
48. KNS Precision, RPDS, 7.62mm machinegun bearing SN# RPDS10227
49. Zastava (Trident), M70A1, 7.62mm machinegun bearing SN# B26112
50. Chartered Industries of Singapore, Ultimax, .223 caliber machinegun
    bearing SN# 0040
51. FAMAE (AD&R), SG540-1, 5.56mm machinegun bearing SN# 06583
52. Fortuna-Suhl (Trident), AK74A1, 5.45mm machinegun bearing SN#
    87053017
53. OOW, 249, 5.56mm machinegun bearing SN# 251062
54. Glock, G18C Gen 5, 9mm machinegun bearing GEN# BLWU990
55. SW Daniel, M11, 9mm machinegun bearing SN# 890005252
56. Kriss USA, SMG, .45 caliber machinegun bearing SN# 45S000229
57. FAMAE (AD&R), MINISAF, 9mm machinegun bearing SN# 01647
58. FAMAE (AD&R), SAF200-10, 9mm machinegun bearing SN# 00093
59. San Swiss Arms, SG 553-1 LB, 5.56mm machinegun bearing SN# 422792
60. Ruger, AC556, 5.56mm (.223) machinegun bearing SN# 19201259
61. FAMAE (AD&R), SG542-1, 7.62mm machinegun bearing SN# 09513
62. Ruger, MP9, 9x19mm machinegun bearing SN# 45000507
63. OOW, 249, 5.56mm machinegun bearing SN# 251064
64. FAMAE (AD&R), SG540-1, 5.56mm machinegun bearing SN# 06582
65. H&K, G41, 5.56x45mm machinegun bearing SN# 11141
66. FAMAE (AD&R), SG542-10, 7.62mm machinegun bearing SN# 09522
67. CZ, CZ805BRENA2, 5.56mm machinegun bearing SN# B441037
68. FAMAE (AD&R), SG543-10, 5.56mm machinegun bearing SN# 06703
69. Alpine Firearms (FN), M49 (Minimi M249), 5.56mm machinegun bearing
    SN# 127
70. FAMAE (AD&R), SG540-10, 5.56mm machinegun bearing SN# 06595
71. Beretta, PM12S, 9mm machinegun bearing SN# F38231
72. CZ, VZ61, 7.65mm machinegun bearing SN# 21506
73. FEG, AK-63D, 7.62mm machinegun bearing SN# A184067
74. B&T, APC9, 9mm machinegun bearing SN# US2035621
75. FAMAE (AD&R), SAF200-10, 9mm machinegun bearing SN# 00086
76. Imported NFA Firearm (Century Arms, BSA), L1A1, .308 caliber
    machinegun bearing SN# A109539
77. CZ, 58P, 7.62mm machinegun bearing SN# 66370

78. FN, SCAR-16 CQC, 5.56mm machinegun bearing SN# L013227
79. Hi Desertdog (FN), P90, 5.7mm machinegun bearing SN# FN098106
80. Colt, M16A3, .223 caliber machinegun bearing SN# A0156370
81. FN, SCAR17, 7.62mm machinegun bearing SN# H011938
82. Colt, M16A2, 9mm machinegun bearing SN# HT009913
83. Gilbert (Daewoo), USAS12, 12ga machinegun bearing SN# 1000095FA
84. FB Radom, AKM, 7.62x39mm machinegun bearing SN# EG1918
85. FAMAE (AD&R), SG542-10, 7.62mm machinegun bearing SN# 09516
86. Colt, M16A2, .223 caliber machinegun bearing SN# A0103321
87. H&K, MP5/40A2, .40 caliber machinegun bearing SN# 691969
88. Zastava (Trident), M70AB, 7.62mm machinegun bearing SN# B114936
89. Glock, G18 Gen 5, 9mm machinegun bearing SN# YYK023
90. CZ, CZ BREN 2, 7.62x51mm machinegun bearing SN# C926574
91. FAMAE (AD&R), SG540-10, 5.56mm machinegun bearing SN# 06589
92. Imported NFA Firearm (Zastava), M72RPK, 7.62mm machinegun bearing SN# C43711
93. PWS, MKI, Multi caliber short-barreled rifle bearing SN# MK1M100274
94. OOW, 249, 5.56mm machinegun bearing SN# 251063 (including spare barrel bearing SN# 251063-2)
95. Rock Island Armory, M60, 7.62mm machinegun bearing SN# 10889
96. CZ, VZ. 58A1, 7.62mm machinegun bearing SN# 52074
97. H&K, MP5/40A2, .40 caliber machinegun bearing SN# 691970
98. DSA, SA58LSW, .308 caliber machinegun bearing SN# DSA21879
99. Colt, M16A2, .223 caliber machinegun bearing SN# A0103320
100. Form 2 Registration (Norinco), M14, .308 caliber machinegun bearing SN# 63001837
101. CZ (Trident), 805BRENA1, 5.56mm machinegun bearing SN# B278874
102. OOW, OOW240, 7.62mm machinegun bearing SN# 707937 (including spare barrel bearing SN# 707937-2)
103. IMI, Uzi, 9mm machinegun bearing SN# 114104
104. CZ, CZ Scorpion EVO 3A1, 9mm machinegun bearing SN# D174842
105. Trident (MKE, H&K), G3, 7.62mm machinegun bearing SN# 92002423
106. FN, P90TR, 5.7mm machinegun bearing SN# FN020112
107. B&T, SD-1, 9mm silencer bearing SN# US20356231

11.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

12.    The parties agree that upon execution of this Agreement with the Court, the firearms not subject to the included forfeiture order shall be returned to the Defendant at a time and in such a manner as is agreeable to both the Government and the Defendant. Upon receipt of any returned firearms, the Defendant shall have one hundred eighty (180) days to properly dispose of the returned firearms. Failure to properly dispose of all the returned firearms will result in a violation of the Defendant's sentence and the administrative forfeiture of those firearms to the Government as required by federal regulations and statute.

13.    The Defendant agrees to assist fully in the forfeiture of the below property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

14.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture. More specifically, the Defendant shall withdraw all claims to the below-listed firearms as filed under any of the various JCT business names, Woody's Weapons and/or in any other capacity.

## Waiver of Appeal

15.    In exchange for the concessions made by the Government and the Defendant in this Agreement, the Government and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever, except for appeals based on claims of ineffective assistance of counsel or prosecutorial misconduct. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute, to the extent that such challenges legally can be waived.

b.    The Defendant and the Government knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture,

order of restitution, and term or condition of supervised release), **except** that the Defendant reserves the right to appeal any sentence that exceeds the statutory maximum.

        c.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from the Government or any investigating agency.

### Defendant's Conduct Prior to Sentencing and Breach

16.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, the Government, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the pleas of guilty or from this Agreement.

17.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) the Government will be free from its obligations under this Agreement; (ii) the Government may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, the Government will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that the Government is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement.

### Court Not a Party

18.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Rev. August 2018

## Entire Agreement

19.      This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between the Government and the Defendant.  There are no other agreements, promises, undertakings, or understandings between the Defendant and the Government other than those set forth in this letter and the Sealed Supplement.  No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

By:

G. A. Massucco-LaTaif
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys.  I understand it and I voluntarily agree to it.  Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it.  I am completely satisfied with the representation of my attorney.

8/21/25
Date

James Tafoya

We are the Defendant's attorneys.  We have carefully reviewed every part of this Agreement, including the Sealed Supplement, with the Defendant.  The Defendant advises us that the Defendant understands and accepts its terms.  To our knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

8/21/25
Date

Michele Nethercott
Marc Lowry

Rev. August 2018

11

**Attachment A**

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

James Christopher Tafoya ("the Defendant") was the owner of federal firearm licenses (FFLs) named JCT Firearms LLC, Tafoya, James Christopher (d/b/a JCT Firearms) and Tafoya, James Christopher (d/b/a JCT Manufacturing), located in Albuquerque, New Mexico. The Defendant also operated another firearms-related business, Woody's Weapons, located in Albuquerque on the same property as the multiple JCT businesses. Woody's Weapons was an FFL that was owned by the Defendant's half-brother, T.W., but the Defendant made all business decisions with respect to the company, to include purchases and sales of machineguns. Woody's Weapons was a shell company utilized by the Defendant to store machineguns for later liquidation. The multiple JCT businesses and Woody's Weapons were also Special Occupational Taxpayers ("SOTs") and were authorized, in certain circumstances, to possess, manufacture, and deal in machineguns.

Sean Sullivan was the principal owner and operator of Trident, LLC ("Trident") (formerly Trident Rifles, LLC), located in Gambrills, Maryland. Sullivan was also affiliated with B&T USA LLC, located in Tampa, Florida and B&T AG, located in Switzerland. Trident was an FFL/SOT and was authorized, in certain circumstances, to possess, import, manufacture, and deal in machineguns.

Federal law generally prohibits the transfer and possession of machineguns that were imported or manufactured after May 19, 1986, except to or by bona fide government agencies. Further, federal law generally prohibits the importation of machineguns except by or for bona fide government agencies. Relevant to this case, there is an exception to the general prohibition on the transfer, possession and importation of machineguns.

Machineguns may be transferred to, possessed by, and/or imported by an FFL/SOT for use as a "sample" for demonstration to potential bona fide government agency purchasers. This exception is frequently referred to as the "dealer sales sample" exception. Pursuant to ATF regulations, the exception requires the government agency that is requesting a demonstration of the machinegun to submit a "law letter" to the ATF. A "law letter" is an industry term that refers to a letter signed by a government official expressing a need for a particular model of machinegun or interest in seeing a demonstration of that model of machinegun for potential future purchase by the government agency for its use in official duties. The dealer sales sample exemption requires the dealer to have a law letter, prior to acquisition of the machinegun, to be submitted with the requisite ATF Form. In the case of imported machineguns, the requisite form is an ATF Form 6. The law letter is also known as a "demonstration letter" or "demo letter."

From June 2018 through June 2021, the Defendant contacted M.G., R.M., and D.H., who were chief law enforcement officers or the duly appointed designees of a chief law enforcement

officer, or W.B., a fellow Licensee who utilized T.M. The Defendant obtained and sought out signatures from these individuals for law letters, to be submitted with requisite ATF Forms to allow for the acquisition of machineguns. These law letters were addressed to either the Defendant or T.W. of Woody's Weapons. The Defendant then provided some law letters to Sullivan, who would submit them with ATF Form 6 applications to ATF. The submission of these ATF Forms 6, with the law letters, then allowed for the importation of certain machineguns by Sullivan. The Defendant also worked with J.B., a FFL/SOT who helped locate machineguns for acquisition and who also assisted in the generation of the law letters eventually utilized by Sullivan for import of machineguns or the domestic acquisition of machineguns by the Defendant.

Specifically, the Defendant, being a licensed dealer and manufacturer, ~~made~~ aided and abetted the making of a false statement or representation with respect to information required to be kept by a person licensed under the Gun Control Act: on or about October 17, 2019, the Defendant obtained a law letter signed by M.G. requesting demonstration of, among other firearms, a GIAT Industries FAMAS machinegun. The Defendant then provided the law letter, knowing it contained false statements and representations, to Sullivan. On or about November 30, 2019, Sullivan submitted an ATF Form 6 application to ATF, stating in Block 10 that the specific purpose of importation was "Dealer Sales Sample Letter". Along with the application, Sullivan submitted the aforementioned law letter. As a licensed importer, Sullivan was required to keep the ATF Form 6 and accompanying law letter, which contained false statements and representations, in his records. The parties stipulate that this offense occurred in the District of Maryland.

SO STIPULATED:

08/25/25
Date

G. A. Massucco-LaTaif
Assistant United States Attorney

8/21/25
Date

James Tafoya
Defendant

8/21/25
Date

Marc Lowry, Esq.
Michele Nethercott, Esq.

Rev. August 2018