**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>JAMES CHRISTOPHER TAFOYA,<br>*Defendant*. | No. 23-CR-00257-JRR |

**DEFENDANT TAFOYA'S SENTENCING MEMORANDUM**

Defendant James Tafoya, through his undersigned counsel of record at Rothstein Donatelli LLP, provides the following memorandum for the Court's consideration before sentencing. For the reasons outlined below, Mr. Tafoya respectfully requests that the Court impose a non-custodial sentence with a "time served" acknowledgement for Mr. Tafoya's nearly three years of faultless pretrial supervision, and a $500.00 fine.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On September 11, 2025, Mr. Tafoya pled guilty—pursuant to a plea agreement—to the misdemeanor offense of aiding and abetting the knowing failure to properly maintain records required to be maintained under federal firearms law. *See* Plea Agreement at 1, filed September 11, 2025 (Doc. 222) ("Plea Agreement"). In essence, the criminal conduct at issue involved Mr. Tafoya—a federal firearms licensee ("FFL")—taking a "law letter"[1] from a local law enforcement

[1] As the Indictment explains, although the possession and transfer of machineguns is generally prohibited under federal law, "machineguns may be transferred to, possessed by, and/or imported by a[] [federal firearms licensee] for use as a 'sample' for demonstration to potential bona fide government agency purchasers. This exception is frequently referred to as the 'dealer sales sample'

official, and giving that letter to another individual despite knowing the letter contained false statements. *See* Plea Agreement at 13. In other words, Mr. Tafoya made no false statements of his own. This plea agreement was the result of a lengthy litigation process that had originally begun with Mr. Tafoya's indictment in July of 2023. *See* Indictment, filed July 27, 2023 (Doc. 51).

As a part of the plea agreement, the parties agreed to certain aspects of Mr. Tafoya's sentence calculation under the United States Sentencing Guidelines, *see* Plea Agreement at 4–5, and the Presentence Investigation Report, filed December 18, 2025 (Doc. 230) ("PSR") correctly calculates Mr. Tafoya's offense level at a 4. With a criminal history category of I, the Guidelines recommend a sentence of 0 to 6 months. *See* United States Sentencing Commission, Guidelines Manual ("U.S.S.G."), Ch. 5, Pt. A.

Mr. Tafoya has been subject to conditions of release for pretrial supervision since October 18, 2023. *See* Order Setting Conditions of Release, filed October 18, 2023 (Doc. 72). During that time—over 1000 days—Mr. Tafoya has never missed a drug test or appointment of any kind and has scrupulously abided by all terms and conditions of his supervision. Last year, based in part on his excellent conduct, the Court granted an unopposed motion to modify his conditions, allowing Mr. Tafoya—among other things—to possess firearms. *See* Order, filed September 12, 2025 (Doc. 225). Moreover, Mr. Tafoya has successfully completed all court-ordered outpatient drug

---

exception. Pursuant to ATF regulations, the exception requires the government agency that is requesting a demonstration of the machinegun to submit a 'law letter' to the ATF. A 'law letter' is an industry term that refers to a letter signed by a government official expressing a need for a particular model of machinegun or interest in seeing a demonstration of that model of machinegun for potential future purchase by the government agency for its use in official duties. The dealer sales sample exemption requires the dealer to have a law letter, prior to purchase of the machinegun, to be submitted with the requisite ATF Form. The law letter is also known as a 'demonstration letter' or 'demo letter.'" Indictment ¶ 13(a) at 5, filed July 27, 2023 (Doc. 51).

and alcohol counselling, and—in addition to court-ordered treatment—personally sought the assistance of his own psychiatrist to aid with the anxiety and stress related to the case.

**ARGUMENT**

Under 18 U.S.C. § 3553, the Court must "impose a sentence sufficient, but not greater than necessary" to achieve the basic aims of criminal sentencing: reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public, and provide the defendant with training, medical care, or other treatment. *See* § 3553(a)(2). To "impose an individualized sentence based on the characteristics of the defendant and the facts of the case," *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017), the Court must "consider[s] every convicted person as an individual," *Koon v. United States*, 518 U.S. 81, 113 (1996), and make a holistic inquiry into all the § 3553(a) factors.

Here, a holistic inquiry into these factors supports Mr. Tafoya's requested non-custodial, "time-served" sentence with no further supervision. Mr. Tafoya is a 48-year-old father of two with no prior criminal history. He is a hard-working, diligent, and successful businessman in many different entrepreneurial ventures. He has been a valued employee of his family painting business—F&R Painting—for the past three decades, currently employed in the role of Lead Estimator whose job is to estimate the ultimate cost of large, industrial painting contracts. The long-term plan is for Mr. Tafoya and his brother to take over this successful family business, started by his father, which has approximately 45 employees and an annual gross income of roughly 8 to 10 million dollars. He and his wife of over ten years live in Albuquerque, New Mexico. Mr. Tafoya is a recovering alcoholic who has been sober for over 13 years. *See* § 3553(a)(1).

In 2009 Mr. Tafoya obtained his FFL and opened a retail store selling firearms—JCT Firearms—shortly thereafter. While operating his business, Mr. Tafoya assisted the Bureau of

Alcohol, Tobacco, and Firearms ("ATF") on many occasions to apprehend individuals alleged to have violated federal firearms laws. In approximately 2012, Mr. Tafoya allowed the ATF to set up a reverse sting in his store, and on many other occasions helped in investigation of a straw purchasers in the Albuquerque-area. Even *after his indictment* in this case, Mr. Tafoya debriefed with the United States Attorney's Office in the District of New Mexico on an investigation involving a straw purchaser who provided a weapon later used in a murder. When Mr. Tafoya debriefed with the local federal prosecutors in Albuquerque, New Mexico, he explained that he was happy to help but disclosed—to the local prosecutors' surprise—that he had been indicted in Maryland and that if he testified, the United States would have to disclose this fact. Despite his willingness to testify for the prosecution, it was decided that Mr. Tafoya certify his business records instead of providing actual testimony. *See United States v. Briscoe*, No. 20-cr-1777 (D.N.M. Nov. 29, 2023) (Doc. 211). But the point remains, Mr. Tafoya was ready, willing, and able to help federal law enforcement agencies, even after being charged in this case. *See* § 3553(a)(1).

Moreover, Mr. Tafoya—unlike many storeowners in the business—would routinely buy back federally seized firearms from individuals that the ATF and FBI later determined to have been unqualified to own firearms. In short, throughout his time as the proprietor of JCT Firearms, Mr. Tafoya was always ready and willing to assist law enforcement prosecute those who violated federal firearms laws. Although Mr. Tafoya remains committed to assisting law enforcement when he can, in the wake of this case, Mr. Tafoya has left the firearms business and has no intention of participating in wholesale or retail firearms businesses again. *See* § 3553(a)(1).

In considering the kinds of sentence available in this case, Mr. Tafoya asks the Court to consider the length of supervision he has already undergone during the pre-trial phase of this prosecution. While not strictly "time served" in the conventional sense, *see* 18 U.S.C. § 3585(b),

Mr. Tafoya has been an exemplary supervisee, and the imposition of a term of supervision—even in the form of probation—would not meaningfully accomplish any of the sentencing aims outlined in § 3553(a)(2). This case has sufficiently deterred any potential for future criminal conduct on Mr. Tafoya's part, there is no need to protect the public from Mr. Tafoya, he does not need any addition education, training, or treatment, and this entire experience has provided just punishment for his offense. *See* § 3553(a)(2)(A)-(D).

Moreover, the Court should consider the punitive effect of the Mr. Tafoya's agreement—as part of the Plea Agreement—to forfeit 107 firearms (many of which were not even involved in any to the alleged criminal conduct in the original indictment). This forfeiture, which involved property valued at approximately a quarter of a million dollars, constitutes a significant part of Mr. Tafoya's punishment for the offence of conviction. *See United States v. Bajakajian*, 524 U.S. 321, 332 (1998) (noting that criminal "forfeitures have historically been treated as punitive, being part of the punishment imposed for felonies and treason in the Middle Ages and at common law"). Mr. Tafoya respectfully requests the Court consider this substantial punitive financial loss when fashioning a fine. *See* U.S.S.G. § 5E1.2. For Mr. Tafoya's offense level, the Guidelines recommend a fine between $500.00 and $9,500.00. *Id.* (c)(3); *see also id.* comment. (n. 1) ("A fine may be the sole sanction if the guidelines do not require a term of imprisonment."). *See* § 3553(a)(2)–(5).

/

/

/

/

/

## CONCLUSION

For these reasons, as well as others to be discussed at sentencing, Mr. Tafoya respectfully requests the Court impose a non-custodial sentence, with a "time served" acknowledgement for Mr. Tafoya's nearly three years of pretrial supervision, and a $500.00 fine.

Respectfully submitted,

**ROTHSTEIN DONATELLI LLP**

*/s/ Clay L. Wilwol*
MARC LOWRY
WOUTER ZWART
CLAY L. WILWOL
500 4th Street, NW, Suite 400
Albuquerque, New Mexico 87102
(505) 243-1433 – office
(505) 242-7845 – fax
mlowry@rothsteinlaw.com
wzwart@rothsteinlaw.com
cwilwol@rothsteinlaw.com

-- and --

*/s/ Michele Nethercott*
Michele Nethercott, Bar No. 10537
LAW OFFICES OF MICHELE NETHERCOTT
5028 Yellowwood Avenue
Baltimore, Maryland 21209
(443) 955-9050
mnethcott@yahoo.com

*Attorneys for Defendant James Tafoya*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of July, 2026, I filed the foregoing pleading electronically through the Court's CM/ECF System, which caused all counsel of record to be served by electronic means.

*/s/ Clay L. Wilwol*
**ROTHSTEIN DONATELLI LLP**